# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA JACKMAN,<br>individually and on behalf of all<br>others similarly situated, | )<br>)<br>) | Case No. 09-cv-897-TFM |
| | ) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | FILED ELECTRONICALLY |
| GLOBAL CASH ACCESS HOLDINGS,<br>INC., | )<br>)<br>) | |
| Defendant. | ) | |

### CLASS ACTION SETTLEMENT AGREEMENT AND PROPOSED PRELIMINARY APPROVAL ORDER (Exhibit A);  CLASS NOTICE (Exhibit B); FINAL APPROVAL ORDER (Exhibit C);  FINAL JUDGMENT (Exhibit D)

IT IS HEREBY STIPULATED AND AGREED by and between Theresa Jackman (the "Class Representative"), on behalf of herself and all others similarly situated, on the one hand, and Global Cash Access Holdings, Inc. ("GCA"), on the other hand, as set forth below:

**I.**      **The Conditional Nature of This Stipulation.**

This Class Action Settlement Agreement and all associated exhibits or attachments (herein "Settlement Agreement") is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis.  The Settlement Agreement is made in compromise of disputed claims.  Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties enter into this Stipulation and associated settlement on a conditional basis.

In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio,* it shall be of no

force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar state law.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of GCA or to establish the condition of any condition constituting a violation of or non-compliance with federal, state, local or other applicable law.

GCA denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation.   Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by GCA of any legal violations or failures to comply with any applicable law.

GCA has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, GCA does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges.

The Class Representative and Class Counsel agree that GCA retains and reserves these rights and agree not to take a position to the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that GCA could not contest class certification on any grounds if this Litigation were to proceed.

II.    **The Parties to this Settlement Agreement.**

This Settlement Agreement (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representative (on behalf of herself and each of the Class Members), with the assistance and approval of Class Counsel; and (ii) GCA, with the assistance of its counsel of record in the Litigation.  The Settlement Agreement is

intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

### III.   Defendant's Denial of Wrongdoing or Liability.

GCA and the GCA Releasees deny all of the claims and contentions alleged by the Class Representative in the Litigation. Nonetheless, GCA has concluded that further conduct of the Litigation might be uncertain, burdensome and potentially protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. GCA has also taken into account the uncertainty and risks inherent in any litigation, especially in multi-party cases like this Litigation. GCA has therefore determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

### IV.   Terms of the Settlement.

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (for herself and the Class Members) and GCA with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Settlement Agreement;

WHEREAS, the Litigation was commenced by Plaintiff, individually and on behalf of the class of persons defined in the Litigation, and is currently pending;

WHEREAS, in the Litigation, Plaintiff alleges that Defendant violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, by failing to provide required notice of automated teller machine ("ATM") fees;

WHEREAS, Defendant denies Plaintiff's claims, denies any liability to Plaintiff or the proposed class, and denies any wrongdoing of every kind;

WHEREAS, Plaintiff and Defendant agree that it is desirable that the Litigation be settled

upon the terms and conditions set forth below to avoid further expense and uncertain and burdensome and potentially protracted litigation and to resolve all claims that have been or could have been asserted;

WHEREAS, the Settling Parties have engaged in extensive arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Litigation and have concluded, taking into account the benefits that Plaintiff and the Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiff and the Class.

1.    Definitions.

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1    "GCA" means Global Cash Access Holdings, Inc. and each of its affiliates.

1.2    "Defendant" means Global Cash Access Holdings, Inc. and each of its affiliates.

1.3    "GCA Releasees" or "The GCA Releasees" means Global Cash Access Holdings, Inc., each of its affiliates (including, but not limited to, any other parents and/or subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of those entities' past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

1.4    "ATM" means automated teller machine and cash dispensing device.

1.5    "ATMs at Issue" means any ATM, operated by GCA, that lacked notice on the outside of the ATM machine indicating that a "terminal owner fee" would be charged for

an electronic fund transfer and/or balance inquiry during the period between July 8, 2008 and the Preliminary Approval Date.

        1.6     "Class" means the collective group of those individuals defined as follows:

> All persons who:  1) were charged a "terminal owner fee" at any ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry between July 8, 2008 through **the Preliminary Approval Date** where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

        1.7     "Class Counsel" means the law firm of Carlson Lynch.

        1.8     "Class Member" or "Member of the Class" means a person who is a member of the Rule 23 Class, who does not properly opt-out of the Class, as discussed herein.

        1.9     "Court" means the United States District Court for the Western District of Pennsylvania.

        1.10     "Effective Date" means the date on which the Judgment becomes Final.

        1.11     "Final" means:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

        1.12     "Final Judgment and Order of Dismissal" means the entry by the Court of an order and final judgment in all material respects in the form attached hereto as Exhibit D.

        1.13     The "Litigation" or the "Lawsuit" means the lawsuit entitled THERESA JACKMAN, individually and on behalf of all others similarly situated, v. GLOBAL CASH ACCESS HOLDINGS, INC, Defendant, United States District Court for the Western District of Pennsylvania, Civil Action No. 09-cv-897.

1.14    "Claims Administrator" means the  third-party settlement administrator approved by counsel for the Parties, and approved by the Court, which shall administer, under Class Counsel's supervision, the Class and settlement distribution pursuant to the terms of this Agreement.

1.15    "Class Notice" means the "Summary Notice" and "Full Notice" to be approved by the Court substantially in the form attached hereto as Exhibits B1 and B2.

1.16    "Notice Publication Deadline" means the deadline for publication of the Summary Notice  (20)  days after the Preliminary Approval Date.  This same deadline shall apply for the posting of internet notice.  Internet notice shall consist of the posting of the Full Notice on a dedicated website hosted by the Claims Administrator.  This dedicated website shall be configured to permit the submission of claims online.

1.17    "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is published to the Class Members.

1.18    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means the entry by the Court of an order finally approving the settlement in all material respects substantially in the form attached hereto as Exhibit C.

1.19    "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

1.20    "Preliminary Approval Date" mean the date on which the Court enters the Preliminary Approval Order.

1.21    "Preliminary Approval Order" means the entry by the Court of an order preliminarily approving this settlement in all material respects in the form attached hereto as Exhibit A.

1.22    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class Counsel, postmarked within 110 days from publication date of Summary Class Notice.  The

Claims Administrator shall have the right to verify that each claim submitted is valid in that it reflects a use of one of the ATMs at Issue during the Class Period and for which usage the Class Member was charged a transaction fee by GCA.   Class Counsel shall be apprised of any claim being challenged by GCA and the Parties, through their counsel, shall meet and confer in an attempt to resolve any challenged claim.

     1.23   "Released Claims" mean, collectively, any and all claims, including Unknown Claims as defined herein, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the GCA Releasees, or any of them, that accrued, had accrued, or could have accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims which could have been raised in the Litigation or which arise out of or are in any way related to the alleged violation of any federal or state consumer protection statute, including but not limited to the Electronic Fund Transfer Act, 15 U.S.C. §1693 et seq., based upon the assessment of a transaction fee upon users of ATMs operated by GCA at a time when there was not notice regarding the imposition of the fee posted "on or at" the ATM.

     1.24   "Settlement Claim Certification Form" means the form attached as Exhibit B3.

     1.25   "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place no earlier than ninety (90) days after entry of an Order preliminarily approving the proposed settlement for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

     1.26   "Settling Parties" means GCA and the Class Representative on behalf of herself and all Members of the Settlement Class.

1.27    "Settlement Agreement" means this Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval.  It is understood and agreed that GCA's obligations for payment under this Settlement Agreement are conditioned on, among other things, the occurrence of the Effective Date.

1.28    "Unknown Claims" means any Released Claims which the Class Representative or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the entry of the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the GCA Releasees.  The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

2.    The Settlement.

2.1.1    *Consideration to Settlement Class Members*.  Within  (15) fifteen days of the date on which a Preliminary Approval Order is entered,  GCA shall pay $500,000 to establish a Settlement Fund for the benefit of Class Members who were charged an ATM transaction fee by GCA during the Class Period.  This amount shall be paid into an interest bearing escrow account

at NexTier Bank, consistent with instructions to be provided by Class Counsel.  Interest on the

account shall accrue on behalf of the Class for the period of time between the date of initial

deposit and the Effective Date.  If the Effective Date does not occur, all principal and interest

shall be returned to Defendant, consistent with instructions to be provided by counsel for

Defendant. The Class shall be solely responsible for payment of any state and/or local taxes

accrued in connection with the Settlement Fund and/or escrow account.  NextTier Bank shall not

disburse any portion of the Settlement Fund to anyone, including Plaintiffs, until the Court has

entered its order giving final approval of the settlement, except that after the Court issues a

preliminary approval order but prior to final approval of the settlement, portions of the

Settlement Fund may be used to pay expenses in connection with the creation, maintenance, and

administration of the Settlement Fund and the dissemination of notice of the settlement to the

Settlement Class.

2.1.2   Within forty-five (45) days of the Effective Date, , the above amount shall

be disseminated by the Claims Administrator to Participating Claimants on a *pro rata* basis;

provided, however, that no Class Member shall receive a settlement payment in excess of

$100.00.  Class Members shall only be entitled to one settlement payment, irrespective of the

number of transactions that a given Class Member negotiated at one or more of the ATMs at

Issue during the Class Period.

2.1.3   *Cy Pres*.  Money remaining in the Settlement Fund, if any, after payments

are made pursuant to Paragraph 2.1.2 shall be paid by the Claims Administrator as a *cy pres*

contribution, to the following charities:  50% going to Girl's Hope of Pittsburgh, Inc., 1020 State

Street, Baden, PA 15005, www.girlshope.org, and 50% going to the Boys and Girls Clubs of

Western Pennsylvania, www.bgcwpa.org.

2.2      *Court Approval of Notice to the Class; Settlement Hearing.*

The Class Representative, through Class Counsel, shall file this Settlement Agreement with the Court and shall move for preliminary approval of this Settlement Agreement.  Through this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement and entering Judgment.

2.2.1      Included in the motion for preliminary approval, Class Counsel will submit to the Court leave to file a Second Amended Complaint, specifically defining the purported Class in accordance with the definition agreed upon herein.

2.2.1.1      A copy of the Preliminary Approval Order is attached hereto as Exhibit A.  Among other things, it grants Plaintiff's motion for leave to file, accepts for filing, and deems filed and served on Defendant, the Second Amended Complaint.

2.2.1.2      Defendant denies the Claims alleged in the proposed Second Amended Complaint and all prior complaint in this Litigation.  Neither the incorporation by reference of the proposed Second Amended Complaint to this Settlement Agreement, nor its subsequent filing in this Litigation, shall be construed against Defendant as any admission, concession, or adoption of any of the allegations made therein.

2.2.2      If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, The Class Representative, through Class Counsel, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Settlement Agreement, stipulate to final approval of this Settlement Agreement and entry of the Judgment by the Court.

2.3     *Notice to Class Members.*

2.3.1           If, by entering the Preliminary Approval Order, the Court provides authorization to publish the Class Notice to Class Members, Class Representative, through Class Counsel and working with the Claims Administrator, will cause the publication of Summary Notice, as is discussed further below, and Class Counsel, working with the Claims Administrator, shall cause the publication of Internet Notice. A copy of the proposed Class Notice is appended to this Agreement as Exhibits B1 and B2.

2.3.2           Summary Notice shall be published **in the national edition of USA Today and the monthly publication Casino Player.** Summary Notice shall occupy one-eighth of a page. Internet Notice shall be displayed on a dedicated website **hosted by the Claims Administrator** for a period of (45) forty-five days, commencing on the Notice Publication Deadline. The website shall be configured to permit the submission of claims online.

2.3.3           All costs, fees, or expenses associated with the Notice shall be paid exclusively from the Settlement Fund (and are not fees or expenses of the Defendant), and the Defendant shall have no responsibility whatever for any such costs, fees or expenses, except as expressly provided herein. For avoidance of doubt, the expenses associated with the Notice include all costs, fees, and expenses associate with: the preparation, handling, mailing, printing, publication and any other aspect of the dissemination of the Notice, the maintenance and administration of the Settlement Fund, and all aspects of claims administration, including, without limitation, the costs, fees, and expenses incurred and charged by the Claims Administrator in connection with this settlement.

2.4     *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

2.4.1           Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s). Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election. The Class Notice will advise Class Members of this option.

2.4.2   Class Members may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class.  Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline. Each writing must be personally signed by a single Class Member:  no opt-out request may be made by a group of class members, and no opt-out request may be made or signed by an actual or purported agent or attorney acting or purporting to act on behalf of a Class Member.  Any opt-out request must be mailed to Class Counsel, must be signed by the Class Member opting-out and must include the following information:  (1)  the name of the Class Member, (2)  the current address of the Class Member, and, (3)  the date signed.  Any opt-out must be mailed to Class Counsel and postmarked no later than [publication date + 45].

Those Class Members who do not opt out of the Settlement in a manner consistent with the conditions just described will be deemed to have forever waived their right to opt out of the Settlement Class.  Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations.  If more than 2.5% of eligible Class Members opt-out of the Settlement, Defendant shall have the option of terminating the Settlement Agreement at its sole discretion and if Defendant exercises this option the Settlement Agreement shall be deemed null and void *ab initio.*

2.4.3   Class Members may also object to the Agreement by filing a written objection, together with any supporting papers (hereinafter collectively referred to as the "Notice of Objection") with the United States District Court for the Western District of Pennsylvania no later than the Notice Response Deadline.  Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.  Class Counsel shall immediately provide any such objections to GCA and subsequently the Court in the final approval process.  Any Class Member who does not object to the Settlement in the manner just described shall be deemed to

have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement or any provision of this Agreement.

        2.4.4   Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and GCA shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  Also prior to the Settlement Hearing, the Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement.  The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in the Agreement.  To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing.  The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval.  If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and Class Counsel shall cause all moneys held in escrow to be returned to GCA.

        *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members*.

        2.4.5   Within **[DISCUSS TIMING]** days of and only after the Effective Date, the Claims Administrator shall provide to each Participating Claimant his or her Settlement Payment.

        2.4.6   Following the dissemination of Settlement Payments to Participating Claimants, Class Counsel, working with the Claims Administrator, shall provide GCA with a written confirmation of this fact.

        2.5    *Releases*.

        2.5.1   Upon the Effective Date, the Class Representative and each of the Class Members (and only these persons) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

2.6     *Payment of Costs and Attorney Fees to the Class Representatives.*
Subject to Court approval, Class Counsel shall receive 33.3% of the Settlement Fund for all
attorney fees and allowable Litigation costs and expenses.  Payments made pursuant to this
Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class
Representative and Class Counsel, on behalf of themselves and all Class Members, agree that
they shall not seek nor be entitled to any additional attorney fees or costs under any theory.  The
Class Representative and Class Counsel agree that they shall be responsible for justifying the
amount of this cost and fee payment to the Court, and they agree to submit the necessary
materials to justify this payment along with the Settling Parties' joint motion for final approval
of the Settlement Agreement. GCA intends to take no position regarding said fee application.
Other than any reporting of this fee payment as required by this Settlement Agreement or law,
which GCA shall make, Class Counsel and the Class Representative shall alone be responsible
for the reporting and payment of any federal, state and/or local income or other form of tax on
any payment made pursuant to this Paragraph.

2.6.1   On behalf of Plaintiff Theresa Jackman, in her personal capacity only, Class
Counsel shall request an incentive payment in the gross amount of $1,500.00 for Ms. Jackman
from the Settlement Fund.  This payment shall be compensation and consideration for Plaintiff
Jackman's efforts as the Class Representative in the Litigation.  GCA intends to take no position
regarding said fee application.

2.6     *Claims Administration.*

2.6.1   This Settlement shall be administered by a third-party settlement administrator
approved by counsel for the Parties.  Currently counsel for the Parties intend to use Tilghman &
Co., Birmingham, Alabama as the Claims Administrator.

2.7     *Termination of Settlement*

2.7.1   In the event that the settlement set forth in this Stipulation shall not
be approved in its entirety or substantially as is by the Court, or in the event that the Effective
Date does not occur, no payments shall be made or distributed by GCA to anyone in accordance

with the terms of this Settlement Agreement, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void with no effect on the Litigation whatsoever.

2.8     *Miscellaneous Provisions.*

The only Class Members entitled to any payment under this Stipulation and the associated Judgment are Participating Claimants.

2.8.1    Unless otherwise ordered by the Court, in the event the Settlement Agreement shall be terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20) business days after written notification of such event, GCA and Class Counsel shall notify each other of this event in writing.

2.8.2    In the event that the Settlement Agreement is not substantially approved by the Court or the settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Settlement Agreement is otherwise provided, the Settling Parties shall resume the Litigation at that time as if no Settlement Agreement had been entered.  In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

2.8.3    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

2.8.4    The Settlement Agreement compromises claims which are

contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense.  The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.8.5   Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the GCA Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the GCA Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.8.6   All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

2.8.7   Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.  All Class Members will be responsible for paying any and all income taxes that may be due as a result of their participation in the settlement described in this Agreement.

2.8.8   The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement supersedes any and all prior oral or written understandings, agreements, and arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims.  Except those set forth expressly in this Agreement, there are no other agreements, covenants, promises, representations, or arrangements between the Parties with respect to the settlement of

the Litigation and the Released Claims.  This Agreement may be altered, amended, modified, or waived, in whole or in part, only by a writing signed by all Parties to this Agreement, and may not be altered, amended, modified, or waived, in whole or in part, orally or by an unsigned writing of any kind.

2.8.9    Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and/or upon the advice of his, her, or its own counsel, and is not acting in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in writing in this Agreement.

2.8.10  Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.8.11  The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

2.8.12  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

2.8.13  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

2.8.14  The Settlement Agreement and the exhibits hereto shall be considered to

have been negotiated, executed and delivered, and to have been wholly performed, in the State of Pennsylvania, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Pennsylvania without giving effect to that State's choice of law principles.

2.8.15  The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement.  The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement.  In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party.  Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

2.8.16  The Class Representative and Class Counsel shall not cause any aspect of this Lawsuit or the terms of this Settlement Agreement to be reported to the media or news reporting services.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _NOVEMBER 19_, 2009       By: _____

THERESA JACKMAN

Plaintiff and Class Representative

CARLSON LYNCH LTD.

DATED: _11/19_, 2009       By: _____

BRUCE CARLSON
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143
(412) 749-1677

Attorneys for Plaintiff Theresa Jackman and all other similarly situated

MORRISON & FOERSTER LLP

DATED: _November 20_, 2009       By: _____

MARK P. LADNER
WILLIAM L. STERN
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000

Attorneys for Defendant Global Cash Access Holdings, Inc.

# <u>Exhibit A</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA JACKMAN,                          )
individually and on behalf of all         )     Case No. 09-cv-897-TFM
others similarly situated,                )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )
                                          )     FILED ELECTRONICALLY
GLOBAL CASH ACCESS HOLDINGS,              )
INC.,                                     )
                                          )
                    Defendant.            )

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING (Exhibit A)

The Court has considered the Class Action Settlement Agreement and its exhibits, the unopposed motion of the Class Representative for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.     All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2.     The Class Representative and the GCA Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.     The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23 Class likely meets the requirements for certification under Rule 23

of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Theresa Jackman are typical of the claims of the members of the proposed Class; (d) Class Representative Theresa Jackman will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues;

       4.     The Class Representative has presented to the Court for review a Class Action Settlement Agreement.  The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

       5.     The Class Representative has presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant.  The notice will be published consistent with the Settlement Agreement.  The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

      Good cause appearing therefore, IT IS HEREBY ORDERED that:

       1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

       2.     Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement by date of

Order plus ten (10) days.

        3.     A hearing shall be held before this Court on a date and time approximately ninety (90) days from date of Order to consider whether the settlement should be given final approval by the Court:

        (a)     Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

        (b)     At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

        (c)     Class Counsel should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

        4.     In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: _____

                                        Judge Terrence F. McVerry

# <u>Exhibit B</u>

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

### JACKMAN V. GLOBAL CASH ACCESS HOLDINGS, INC.,
### CASE NO.:  09-CV-897

### NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

- All consumers who were charged a transaction fee at any automated teller machine and cash dispensing device (collectively "ATM") operated by Global Cash Access Holdings, Inc. and each of its affiliates (collectively "GCA") between July 8, 2008, and the Preliminary Approval Date may be eligible to receive a Settlement Check of up to $100.00.

- The settlement resolves a lawsuit over whether GCA violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA").  It avoids costs and risks to you from continuing the lawsuit; entitles consumers like you to Settlement Checks; and releases GCA from any liability.

- Court-appointed lawyers for the Class will ask the Court for:  1) attorneys' fees and costs in the amount of 33.3% of the $500,000.00 settlement fund to be created by GCA under the terms of the Settlement Agreement, and 2) the other costs and expenses identified below also to be paid out of the settlement fund created by GCA.  Any amounts remaining in the fund after all claims and expenses have been paid will be donated to charity as is also described below.

- Your legal rights are affected whether you act, or do not act.  Please read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Settlement Check. |
| **EXCLUDE YOURSELF** | Get no Settlement Check.  This is the only option that allows you to ever be part of any other lawsuit against GCA about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**1.      What is this lawsuit about?**

Theresa Jackman ("Plaintiff"), on behalf of all members of the class, has asserted that GCA violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA"). Specifically, plaintiffs claim that certain ATMs and cash dispensing devices operated by GCA did not meet the EFTA's ATM fee surcharge disclosure rules, and that GCA therefore was not permitted to charge terminal owner fees to non-customers at those ATMs during the Class Period, as specifically set forth in the Complaint on file and available at the Court at 700 Grant Street, Suite 3100, Pittsburgh, PA  15219.  GCA denies any liability or wrongdoing.

**2.      Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case Theresa Jackman), sue on behalf of people who are similarly situated and have similar claims.  All these people are Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  United States District Court Judge Terrence McVerry is in charge of this class action.

**3.      Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendant.  The Plaintiff thinks she could have prevailed at a trial.  The Defendant thinks the Plaintiff would not have prevailed at trial.  But there was no trial.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will get compensation.  The Class Representative and the attorneys think the settlement is best for all Class Members.

**4.      How do I know if I am part of the settlement?**

Judge McVerry decided that everyone who fits this description is a Class Member:

*All persons who:  1) were charged a "terminal owner fee" at any ATM or cash dispensing device operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry between July 8, 2008 through the Preliminary Approval Date where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine or cash dispensing device.*

**5.     I'm still not sure if I am included.**

If you are still not sure whether you are included, a list by location of the ATMs and cash dispensing devices at issue is available at [website from Claims Administrator]. You can also ask for free help. You can call 1-800-467-5241 or you can fill out and return the claim form to see if you qualify.

**6.     What does the settlement provide?**

Class members who send in a valid claim form and one or more receipts issued between July 8, 2008, and the Preliminary Approval Date demonstrating that they were charged an ATM transaction fee by GCA, or the relevant portion of a bank statement illustrating that they were charged an ATM transaction fee by GCA will be entitled to receive a *pro rata* share of the $500,000.00 settlement fund, with a maximum, total payment of $100 per Participating Class Member.

The Settlement also imposes certain other requirements, which are set forth in detail in the Settlement Agreement.

The Settlement Agreement also provides that any unclaimed funds will be donated, on a *cy pres* basis, 50% to Girl's Hope of Pittsburgh, www.girlshope.org, and 50% to the Boys and Girls Clubs of Western Pennsylvania, www.bgcwpa.org.

**7.     How can I get a Settlement Check?**

If you believe you are a member of the class and desire to participate in this settlement, you should completely fill out the "Qualifying Settlement Claim Certification Form" form that accompanies this Notice and return it to the following address: [GET FROM CLAIMS ADMINISTRATOR] The "Qualifying Settlement Claim Certification Form" must be postmarked by [Publication date + 110 days.].

If you have one or more receipts that show that you were charged an ATM transaction fee by GCA, or the relevant part of a bank statement that shows that you were charged an ATM transaction fee by GCA, be sure to include them with the claim form.

If you don't have a receipt or a bank statement, you can still receive a settlement payment if you check the box on the claim form attesting, under penalty of perjury, to the fact that you were charged at ATM transaction fee during the Class Period and providing the last four digits of the credit or debit card that was used in connection with the transaction in connection with which you were charged a fee. If you choose this option, the information that you provide will be used to verify your claim.

You can also submit a claim form online. **CLAIMS FOR WHICH RECEIPTS OR BANK STATEMENTS ARE ATTACHED MUST BE MAILED.** Failure to fully follow the procedures will result in a class member receiving no relief under the settlement, but nonetheless

being bound by any judgments, orders and releases in this case.

**8.      When would I get my Settlement Check?**

The Court will hold a hearing on **[publication date + 90]**, to decide whether to approve the settlement.  If Judge McVerry approves the settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

**9.      What am I giving up to get a Settlement check or stay in the Class?**

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to suc, or be part of any other lawsuit against Global Cash Access Holdings, Inc. or the other entities released in the settlement agreement about the legal issues in *this case*.  It also means that all of the Court's orders will apply to you and legally bind you.

**10.      Can I exclude myself from the Class?**

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded.  Your election to opt-out must contain the following information and must be signed by the class member opting-out: (1) the name of class member, (2) the current address of class member, and (3) the date signed.  You must mail your exclusion request postmarked no later than **[publication date +  45]** to:

Global Cash Access Holdings, Inc. Exclusions
c/o Carlson Lynch Ltd.
P.O. Box 367
Sewickley, PA  15143

If you ask to be excluded, you will not get a Settlement Check, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue Global Cash Access Holdings, Inc. or the other entities released in the settlement agreement in the future regarding the legal issues in this case.

**11.      If I don't exclude myself, can I sue Global Cash Access Holdings, Inc. for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Global Cash Access Holdings, Inc. and the other entities released in the settlement agreement for the claims that this settlement resolves.  If you have a pending lawsuit, involving the same claims that this settlement resolves, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  If you have a pending lawsuit on matters not addressed in this settlement, you may continue that lawsuit against GCA.

**12.   If I exclude myself, can I get a Settlement Check from this Settlement?**

No.  If you exclude yourself, do not send in a claim form to ask for a Settlement Check.

**13.   Do I have a lawyer in this case?**

The law firm of Carlson Lynch LTD represents you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.   How will these lawyers be paid?**

Class counsel will ask the Court to approve payment of attorneys' fees and expenses of $166,500.00, plus the costs of notice and settlement administration, to be paid out of the Settlement Fund.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  In addition, class counsel will ask for payment of $1,500.00 to Theresa Jackman for her service as a Class Representative.  GCA has agreed not to oppose the request for these fees and expenses.  These fees and expenses will be paid from the Settlement Fund.

**15.   How can I object to the Settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter that you object to the class settlement in *Jackman v. Global Cash Access Holdings, Inc.*, No. 09-cv-897.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  You must file the objection with the Clerk of the Court and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses postmarked no later than **[publication date + 45]**:

R. Bruce Carlson, Esq.
Carlson Lynch Ltd.
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143

Mark P. Ladner, Esq.
William L. Stern, Esq.
Ruti Smithline, Esq.
Morrison Foerster
1290 Avenue of the Americas
New York, NY 10104

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

**16.     What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**17.     When and where will the Court decide whether to approve the Settlement?**

The District Court will hold a hearing to decide whether to approve the settlement. The Fairness Hearing will be held on **[publication date + 90]** at the Court, 700 Grant Street, Pittsburgh, PA 15219. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to plaintiffs' class counsel.

**18.     Do I have to come to the Hearing?**

No. Class Counsel will answer questions Judge McVerry may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**19.     May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Jackman v. Global Cash Access Holdings, Inc., 09-cv-897*. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[publication date + 45]**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the addresses in question 15. You cannot speak at the hearing if you excluded yourself.

**20.     What happens if I do nothing at all?**

If you do nothing, you will not get a Settlement Check from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against GCA about the legal issues in this case, ever again.

**21.     How do I get more information?**

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of

your own private attorney, at your own expense, if you desire.  For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, 700 Grant Street, Pittsburgh, PA, 15219.  If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson, Carlson Lynch Ltd., 231 Melville Lane, P.O. Box 367, Sewickley, PA, 15143. Alternatively, you may call the offices of the firm at its toll free number (1-800-467-5241).

## [PUBLISHED NOTICE OF CLASS ACTION SETTLEMENT]
This notice may affect your rights.  Please read carefully.

### IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

IN RE: JACKMAN v. GLOBAL CASH ACCESS HOLDINGS, INC., CASE NO.: 09-CV-897

### SUMMARY NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

A settlement has been proposed in a class action lawsuit filed by Theresa Jackman ("Plaintiff"), on behalf of all members of the class against Global Cash Access Holdings, Inc. and each of its affiliates ("GCA") asserting that GCA violated certain requirements of the   Electronic Funds Transfer Act ("EFTA").

### WHO'S INCLUDED?
All consumers who were charged a transaction fee at any automatic teller machine or cash dispensing device (collectively ("ATMs") operated by GCA between July 8, 2008 and [the Preliminary Approval Date] where no notice indicating such fee was to charged was posted on the outside of the ATM machine, as specifically set forth in the Complaint on file and available at the Court at 700 Grant Street, Suite 3100, Pittsburgh, PA 15219 **MAY BE ELIGIBLE TO RECEIVE A SETTLEMENT CHECK**, as set forth below.  If you qualify, you may send in a claim form to get benefits, or you can exclude yourself from the settlement, or object to it.

If you believe you are a member of the class, you may view the Full Notice and print a claim form online at _____, or you can request a copy of the Full Notice and Claim Form by contacting the Claims Administrator at **[CONTACT INFO]**.   A list by location of the ATMs and cash dispensing devices at issue is available at [website from Claims Administrator]

### WHAT DOES THE SETTLEMENT PROVIDE?

Under the terms of the settlement, GCA will provide up to a maximum of $100.00 per Participating Claimant; A Full Notice describing the Settlement in more detail is available at the website above.

### WHAT ARE YOUR OTHER OPTIONS?

If you do not want to be legally bound by the settlement, you must exclude yourself by **[45 days after publication notice]**, or you won't be able to sue, or continue to sue, GCA about the legal claims in this case.  If you exclude yourself, you can't get a Settlement Check from this settlement.  If you stay in the settlement, you may object to it by **[45 days after publication notice]**.  The Full Notice contains important information regarding the rights, obligations, requirements, and deadlines for class members to participate in the Settlement, to exclude themselves from the Settlement, or to object.

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE.  THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS.   BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. **PLEASE DO NOT CONTACT THE COURT.**

### GLOBAL CASH ACCESS HOLDINGS ATM FEE SETTLEMENT CLAIM FORM

**Mail to:       [CLAIMS ADMINISTRATOR]., [address]**

Name: _____

Address: _____

Phone: _____

**CHECK THE APPROPRIATE BOX BELOW:**

☐  **I have included with this Claim Form one or more ATM receipts, or relevant portions of my bank statement(s), illustrating that I was charged an ATM fee by GCA between July 8, 2008 and the Preliminary Approval Date.**

☐  **I have NOT included with this Claim Form a receipt or bank statement but I certify that I was charged a transaction fee at the GCA ATM located at _____ on _____ (approximate date of visit) and the last four digits of the account number on the card used were _____.**

**I understand that the foregoing information may be used for purposes of verifying my claim, and I certify, under penalty of perjury, that the statements and information contained herein is truthful and accurate.**

**ALL   CLAIM   FORMS   MUST   BE POSTMARKED BY:  [90 days after publication notice]**

# **Exhibit C**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THERESA JACKMAN, | ) | |
| individually and on behalf of all | ) | Case No. 09-cv-897-TFM |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | FILED ELECTRONICALLY |
| GLOBAL CASH ACCESS HOLDINGS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (Exhibit C)

Having considered the Class Action Settlement Agreement and all other materials properly before the Court and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement was entered by all parties in good faith, and the Settlement Agreement is approved. The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Settlement Agreement. Class Counsel shall disseminate class relief to Participating Claimants, and otherwise effectuate the Settlement, consistent with the terms of the Settlement Agreement.

DATED: _____      _____

Judge Terrence F. McVerry

# **<u>Exhibit D</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THERESA JACKMAN, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 09-cv-897-TFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | FILED ELECTRONICALLY |
| GLOBAL CASH ACCESS HOLDINGS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] JUDGMENT (EXHIBIT D)

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2.      The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Global Cash Access Holdings, Inc. and each of its affiliates ("GCA").

3.      The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within

the definition of the Class and fully met the requirements of due process under the United States Constitution.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the class was adequate.

        4.      The Court finds in favor of settlement approval.

        5.      The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

        6.      Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

        7.      Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

        8.      With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that:  (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Theresa Jackman are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities

and for the Rule 23 Class.

9.      By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims and Unknown Claims, including, without limitation, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the GCA Releasees, that accrued at any time on or prior on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims which could have been raised in this Litigation or which arise out of or are in any way related to the alleged violation of any federal or state consumer protection statute, including but not limited to the Electronic Fun Transfer Act, 15 U.S.C. § 1693 et seq., based upon the assessment of a transaction fee upon users of any automated teller machine or cash dispensing device (collectively "ATM") operated by GCA at a time when there was no notice regarding the imposition of the fee posted "on or at" the ATM.  This matter is hereby dismissed with prejudice.

10.      Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the GCA Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the GCA Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The GCA Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment

bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

       11.    The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants.  Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

       12.    Class Counsel shall receive 33.3% of the Settlement Fund for all attorney fees and allowable Litigation costs and expenses.  Class Counsel's receipt of 33.3% of the Settlement Fund shall constitute full satisfaction of any claim for frees and/or costs.  The Court finds that this arrangement is fair and reasonable.

       13.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and GCA for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

       14.    This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____       _____

                                           Judge Terrence F. McVerry